















JPP    12/16/03    10:22
3:03-CV-02496   KRUEGER V. WYETH INC
*1*
*CMP.*

ORIGINAL

FILED

03 DEC 12 PM 4: 04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1 | Eileen L. McGeever, Esq. SBN 62076
Luci M. Montgomery, Esq. SBN 204986
2 | **RUSHALL & McGEEVER**
1903 Wright Place, Suite 250
3 | Carlsbad, California 92008
(760) 438-6855
4

5 | Attorneys for Plaintiff, APRIL KRUEGER,
Individually and on Behalf of All Others
6 | Similarly Situated

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

APRIL KRUEGER, Individually and on )    CASE NO. **03 CV  2496  R(AJB)**
11 | Behalf of All Others Similarly )
Situated, )
12 | )
Plaintiff, )
13 | )    **CLASS ACTION COMPLAINT**
v. )    **AND REQUEST FOR JURY TRIAL**
14 | )
)
15 | WYETH, INC. f/k/a AMERICAN )
HOME PRODUCTS, a Pennsylvania )
16 | corporation; WYETH )
PHARMACEUTICALS f/k/a WYETH- )
17 | AYERST PHARMACEUTICALS, a )
Pennsylvania corporation; and )
18 | DOES 1 through 100, Inclusive, )
)
19 | Defendants. )
)
20 | _____ )

21 |      Plaintiff April Krueger brings this action on her own behalf and on behalf

22 | of all others similarly situated (collectively "Plaintiffs"), against Defendants

23 | Wyeth, Inc. f/k/a American Home Products, a Pennsylvania Corporation; Wyeth

24 | Pharmaceuticals f/k/a Wyeth-Ayerst Pharmaceuticals, a Pennsylvania corporation;

25 | and DOES 1 through 100, Inclusive, (collectively "Defendants"), and she alleges

26 | on information and belief, except as to the allegations that pertain to Plaintiff and

27 | her counsel, as follows:

28 | / / /

## INTRODUCTION AND OVERVIEW OF THE ACTION

Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all women within the United States who ingested the drug Prempro.

1.  Defendants designed, manufactured, marketed, advertised and otherwise promoted Prempro.

2.  As alleged more fully below, Prempro was defective, and Defendants failed to warn Plaintiff that this drug posed serious risks of grave injury. Results from a long-term clinical trial of Prempro found it increased patients' risk of invasive breast cancer by 26 percent and risk of heart attacks by 29 percent. It also increased the risk of stroke by 40 percent. Prempro also significantly increased patients' risk of gallbladder disease and blood clotting.

3.  Plaintiff seeks an Order from this Court compelling Defendants to provide medical monitoring to all women who were prescribed and who took Prempro.

## THE PARTIES

### Plaintiff

4.  Plaintiff April Krueger is, and at all times material to this action was, a resident of the State of California, County of San Diego. Mrs. Krueger was prescribed, and she ingested, Prempro for over two years prior to mid-2002. Mrs. Krueger is ignorant of any symptoms she may presently have that are caused by her ingestion of Prempro.

### Defendants

5.  Wyeth, Inc. is, and at all times material to this action was, a corporation organized and existing under the laws of the State of Pennsylvania. Wyeth, Inc. conducted business, operated under the name and was formerly known as American Home Products at all material times before March 11, 2002, at which time it changed its name to Wyeth, Inc. Wyeth, Inc. is, and at all times

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1   material to this action was, authorized to do business, and was engaged in

2   substantial commerce and business under the laws of the State of California,

3   County of San Diego, with its corporate headquarters and principal place of

4   business at 500 Arcola Road, Collegeville, Pennsylvania 19426.

5       6.    Wyeth, Inc. includes any and all parents, subsidiaries, affiliates,

6   divisions, franchises, partners, joint venturers and organizational units of any

7   kind, their predecessors, successors and assigns and their present officers,

8   directors, employees, agents, representatives and other persons acting on their

9   behalf.

10       7.    Wyeth Pharmaceuticals is, and at all times material to this action

11   was, a corporation organized and existing under the laws of the State of

12   Pennsylvania. Wyeth Pharmaceuticals conducted business, operated under the

13   name and was formerly known as Wyeth-Ayerst Pharmaceuticals at all material

14   times before March 11, 2002, at which time it changed its name to Wyeth

15   Pharmaceuticals. Wyeth Pharmaceuticals is, and at all times material to this

16   action was, authorized to do business, and was engaged in substantial commerce

17   and business under the laws of the State of California, County of San Diego,

18   with its corporate headquarters and principal place of business at 555 East

19   Lancaster Avenue, St. Davids, Pennsylvania 19087.

20       8.    Plaintiff is informed and believes, and thereon alleges, that in

21   committing the acts alleged herein, each and every defendant was the managing

22   agent, agent, representative and/or employee of each and every other Defendants

23   and was working within the course and scope of said agency, representation

24   and/or employment with the knowledge, consent, ratification and authorization

25   of each and every remaining defendant and its directors, officers and/or

26   managing agent.

27       9.    All of the Defendants were acting together and in concert, entering

28   into agreements with each other, and working as the principal, agent, employee

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 434-6855

1  of the other remaining Defendants and that each Defendant was aware of the

2  acts of the others and consented to and ratified such acts.

3      10.   Plaintiff is further informed and believes, and based thereon alleges,

4  that a unity of interest in ownership existed between Wyeth, Inc. f/k/a/ American

5  Home Products and Wyeth Pharmaceuticals f/k/a/ Wyeth-Ayerst Pharmaceuticals

6  such that any individuality and separateness that purportedly existed ceased and

7  each Defendant became the alter ego of the others.  By and through this unity

8  each Defendant asserted control over the other.  Defendants conducted business

9  jointly as co-owners, joint venturers or partners, and they have shared and inter-

10 mingled joint management and capital and have dealt with Plaintiff jointly.

11 Defendants share the same managers and officers, forms, offices, employees,

12 policy and procedure manuals, and operating manuals.

13     11.   At all times material to this action, Defendants, and each of them,

14 designed, developed, tested, redeveloped, studied, investigated, manufactured,

15 packaged, distributed, placed into the stream of commerce, described,

16 advertised, promoted and purported to inform users regarding the risks pertaining

17 to, and assuaged concerns about their pharmaceutical Prempro.

18                      **JURISDICTION AND VENUE**

19     12.   This Court has diversity jurisdiction over this action pursuant to 28

20 U.S.C. § 1332.   The amount in controversy exceeds $75,000 exclusive of

21 interests and costs, and because this is an action by Plaintiff who is a California

22 citizen and Defendants who are citizens of Pennsylvania.

23     13.   Venue is proper in the Southern District of California because the

24 Defendants regularly conducted business in this District.

25 / / /

26 / / /

27 / / /

28 / / /

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-4-

## GENERAL ALLEGATIONS APPLICABLE

## TO ALL CAUSES OF ACTION

### Prempro Increases Women's Risk of Breast Cancer and Other Life Threatening Conditions

14.   The pharmaceutical at issue in this case is Prempro (conjugated estrogens/medroxyprogesterone acetate tablets).   Prempro has been prescribed to women as hormone replacement therapy for postmenopausal women. Prempro is prescribed to women with an intact uterus to control menopausal symptoms including hot flashes, night sweats, vaginal atrophy and osteoporosis. Approximately six (6) million women in the United States, approximately 85% of all women taking hormone replacement therapy, take Prempro each year.   The Wyeth Defendants' Prempro sales exceeded $2 billion last year.

15.   Prempro was approved for sale in the United States in December 1994 for use as a combination estrogen and progestin hormone replacement therapy (HRT) containing 0.625 mg Premarin (conjugated estrogens) and 2.5 mg medrozyprogesterone acetate blister packaged together for concomitant use. Prempro was approved and prescribed as a continuous HTR regime.   Prempro was approved in 1997 for sale as a single tablet.   In 1998 Prempro was approved at an increased progestin dose, in a single tablet containing 0.625 mg Premarin (conjugated estrogens) and 5 mg medrozyprogesterone acetate.

16.   The National Heart, Lung, and Blood Institute (NHLBI) of the National Institutes of Health (NIH) stopped a major clinical trial it sponsored with the Women's Health Initiative when the evidence showed Prempro dangerously increased menopausal women's risks of invasive breast cancer, heart attacks, strokes, cardiovascular disease and venous thromboembolism.

17.   The estrogen plus progestin trials initially ran from 1993 to 1998 at clinics across the country, but the trials were extended to end in 2005. Defendants' Prempro was the only estrogen plus progestin pharmaceutical used

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1  in the trial.  The trials investigated the effect of estrogen plus progestin on the

2  prevention of heart disease, hip fractures and looked for changes in the risk of

3  breast and colon cancers.

4      18.   The trials were the most comprehensive study of women's health

5  undertaken in the United States.  The trials studied 16,608 postmenopausal

6  women ages 50 to 79 years with an intact uterus.  Women participating in the

7  trial were given a daily dose of 0.625 mg conjugated estrogens and 2.5 mg

8  medrozyprogesterone acetate or a placebo.  Researchers conducted a

9  standardized interview of the participants every six months to collect information

10  and document their symptoms.  The study protocol required annual mamograms

11  and clinical breast examinations.  Researchers collected electrocardiograms at

12  baseline and at follow-up years 3 and 6.  The data were assimilated through a

13  network of clinics overseen by a Clinical Coordinating Center.

14      19.   Researchers established a Data and Safety Monitoring Board (DSMB)

15  to analyze the collected information.  In 2000 and 2001 the DSMB recommended

16  that investigators inform participants that the trials observed a small increase in

17  the incidence of heart attacks, strokes, and blood clots in women taking the

18  hormones.  The DSMB continued the test because the number of symptomatic

19  women was small and did not cross the boundary established to ensure

20  participant safety and because the balance of risks and benefits was uncertain.

21      20.   On May 31, 2002, the DSMB convened again and issued the

22  shocking recommendation to stop the trial three years before it was scheduled

23  to end.  The trials found Prempro use correlated to a 26 percent increase in

24  breast cancer.  The trials also found Prempro use statistically correlated to:

25        •   A 41 percent increase in strokes;

26        •   A 29 percent increase in heart attacks;

27        •   A doubling of rates of venous thromboembolism (blood clots);

28          and

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 434-6855

1        • A 22 percent increase in total cardiovascular disease.

2        21.    Dr. Jacques Rossouw, M.D., acting director of the Woman's Health

3    Initiative, explained the serious risks facing women taking Prempro this way:

4                The WHI results tell us that during 1 year, among 10,000

5                postmenopausal women with a uterus who are taking estrogen plus

6                progestin, 8 more will have invasive breast cancer, 7 more will have

7                a heart attack, 8 more will have a stroke, and 19 more will have

8                blood clots, including 8 with blood clots in the lungs, than will a

9                similar group of 10,000 women not taking these hormones.  This is

10               a relatively small annual increase in risk for an individual woman.

11               Individual women who have participated in the trial and women in

12               the population who have been on estrogen and progestin should not

13               be unduly alarmed.  However, even small individual risks over time,

14               and on a population-wide basis, add up to tens of thousands of these

15               serious adverse health events.

16       22.    Based on these findings, the NHLBI stopped the trial on May 31,

17   2002, and the researchers advised the participants to stop taking Prempro.

18                        **FEDERAL CLASS ACTION DEFINITION**

19       23.    Plaintiff brings this action on behalf of a statewide and multi-state

20   class of consumer plaintiffs pursuant to Rule 23 of the Federal Rules of Civil

21   Procedure.  Plaintiff asserts her claim for medical monitoring in her individual

22   capacity and on behalf of all other similarly situated individuals.  Class members

23   are defined as follows:

24               • All individuals within the United States who used

25               the    prescription    medication    Prempro    since

26               December 1994.

27       24.    This action is brought, in part, and may be maintained, in part, as a

28   class action pursuant to Rule 23 of the Federal Rules of Procedure seeking

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 434-6855

1   medical monitoring of the class members with respect to injuries resulting from

2   the class members' use of Prempro.   This action satisfies the numerosity,

3   commonality, typicality, adequacy, predominance and\or superiority requirements

4   of each provision of Rule 23 of the Federal Rules of Civil Procedure.

5        25.   The class is so numerous that joinder of all parties is impracticable.

6   Approximately six (6) million women take Prempro each year, and tens of millions

7   of women have taken it since 1994, thus satisfying the requirement of

8   Fed.R.Civ.P. 23(a)(1).

9        26.   Defendants' practices as described herein were applied uniformly to

10  all class members, thus satisfying the requirements of Fed.R.Civ.P. 23(a)(2)

11       27.   The common questions of law and\or fact shared by the class

12  members include, but are not limited to:

13       A.   Whether Prempro causes breast cancer, heart disease,

14            gallbladder disease, excessive blood clotting, and stroke

15            and/or other physical injury to its users which may be latent or

16            undetected for some period of time;

17       B.   Whether Defendants obtained Food and Drug Administration

18            approval for Prempro by way of fraud;

19       C.   Whether Defendants failed to disclose to the FDA and/or the

20            medical community important information regarding the

21            adverse events and possible side effects that Defendants knew

22            were associated with Prempro;

23       D.   Whether Defendants marketed a defective drug by failing to

24            provide adequate warnings to the medical community and/or

25            patients regarding the risks of injury resulting from the use of

26            the drug; and

27       E.   Whether the actions of Defendants as described herein

28            constitutes a basis for imposition of punitive damages.

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

28.    The plaintiff's claims are typical of the claims of the class members. Plaintiff was prescribed and used Prempro for over two years. Plaintiff and the class members have all sustained potential injury and/or damage as a result of Defendants' conduct in that they all bear the risk that they have suffered undetected and presently undetectable injury resulting from the use of Prempro. Moreover, Plaintiff's entitlement to the relief prayed for is based on the same legal and factual theories as all other class members, thus satisfying the requirements of Fed.R.Civ.P. 23(a)(3).

29.    Plaintiff will fairly and adequately protect the interest of the class because she has no interests adverse to the class and will vigorously litigate this suit through attorneys who are experienced in class action litigation, thus satisfying the requirements of Fed.R.Civ.P. 23(a)(4).

30.    Certification is appropriate under Fed.R.Civ.P. 23(b)(1) and\or (b)(2) because the prosecution of separate actions by individual class members may create inconsistent adjudications with respect to other members of the class which may be dispositive of the interests of those parties to the action or would substantially impede those interests.

31.    In the alternative, or in addition, certification is appropriate under Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to all class members predominate over questions of law or fact affecting only individual members, thus making a class action superior to any other method available for the fair and efficient adjudication of the claims herein. Absent a class action, it will be highly unlikely the Plaintiff or any class member would be able to protect their interest because the cost of pursuing individual actions would exceed any expected recovery.

/ / /

/ / /

/ / /

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1

## FIRST CAUSE OF ACTION

2

### (Negligence)

3    32.   Plaintiff reincorporates and realleges, as if fully rewritten herein at

4  length, paragraphs 1 through 31 set forth above.

5    33.   Defendants had a duty to exercise reasonable care in the

6  manufacture, sale and/or distribution of the Product into the stream of

7  commerce, including a duty to assure that this drug did not cause users to suffer

8  from unreasonable, dangerous side-effects.   Defendants failed to exercise

9  ordinary care in the manufacture, sale, testing, quality assurance, quality control,

10  marketing and/or distribution into interstate commerce of the Product, in that

11  Defendants knew or should have known that this drug created a high risk of

12  unreasonable, dangerous side-effects, some of which are fatal or can only be

13  alleviated by major, invasive, life-threatening procedures.

14    34.   Defendants breached their duty to Plaintiff and the other class

15  members and were negligent in the licensing, testing, design, manufacture,

16  packaging, warning, advertising, promotion, distribution and sale of the Product,

17  in that Defendants:

18    A.   Failed to use ordinary care in designing and manufacturing

19        Prempro so as to avoid the aforementioned risks to individuals

20        when Prempro was being used to control menopausal

21        symptoms;

22    B.   Failed to accompany the Product with proper warnings

23        regarding the possible adverse side effects associated with the

24        use of Prempro and the comparative severity and duration of

25        such adverse effects, i.e., the warnings given did not

26        accurately reflect the symptoms, scope or severity of the side

27        effects;

28    C.   Failed to conduct adequate pre-clinical testing and post-

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-8855

marketing surveillance to determine the safety and side effects of Prempro;

D.  Failed to provide adequate training to medical care providers for appropriate use of Prempro;

E.  Failed to warn Plaintiff or the other class members prior to actively encouraging the sale of Prempro either directly or indirectly, orally or in writing, about the following:

 (i)  The need for comprehensive, regular monitoring to ensure early discovery of potentially serious side effects; and

 (ii)  The possibility of becoming injured or disabled as a result of the drug's use and/or of having increased risks of breast cancer, stroke, heart attack, and blood clotting.

F.  Failed to adequately test and/or warn about the serious side effects of Prempro;

G.  Failed to include adequate warnings with the Product that would alert consumers, physicians, hospitals, clinics, and other users to the potential risks and the nature, scope, severity, and duration of any serious side-effects of the Product;

H.  Continued to promote the efficacy and safety of the Product, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the risks of serious injury and/or death;

I.  Delayed warnings of, and then failed to provide adequate warnings about the serious injuries and/or death, which may have dissuaded medical providers from prescribing the Product and depriving medical providers from weighing the true risks

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-11-

1    against the benefits of prescribing the Product; and

2    J.    Were otherwise careless or negligent.

3    35.    Although Defendants knew or should have known that Prempro

4  caused unreasonably dangerous side effects which many users would be unable

5  to remedy by any means, Defendants continued to market Prempro to

6  consumers, including Plaintiff and the other class members, when there were

7  safer alternative methods of treatment for the conditions referenced.

8    36.    Defendants knew or should have known that consumers such as the

9  Plaintiff and the other class members would suffer injury as a result of

10  Defendants' failure to exercise ordinary care as described above.

11    37.    As a direct, proximate and legal result of the negligence,

12  carelessness, other wrongdoing and actions of Defendants described herein,

13  Plaintiff and the other class members bear the risk of injury resulting from the use

14  of the Product which is latent and/or undetected and which could ultimately

15  result in permanent and devastating injuries.  These injuries can cause extensive

16  pain and suffering, and emotional distress; can substantially reduce the class

17  members' ability to enjoy life; and may in the future cause Plaintiff and the other

18  class members to expend substantial sums of money for medical, hospital, and

19  related care, all to the general damage of the Plaintiff and the other class

20  members.

21    38.    As a direct, proximate and legal result of the negligence,

22  carelessness, other wrongdoing and actions of Defendants described herein,

23  Plaintiff and the other class members may be injured in their health, strength and

24  activity and may have suffered latent and/or presently undetected injuries to

25  body and mind.

26    39.    As a direct, proximate and legal result of the negligence,

27  carelessness, other wrongdoing and actions of Wyeth, Inc. f/k/a American Home

28  Products and Wyeth Pharmaceuticals f/k/a Wyeth-Ayerst Pharmaceuticals,

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1    Plaintiff and the other class members have required and will in the future require

2    reasonable and necessary health care, attention and services and have incurred

3    and will incur in the future, medical, incidental, and service expenses in order to

4    continually monitor and test for injuries resulting from the use of the Product.

5    Plaintiff alleges on information and belief she and the other class members will

6    in the future be required to obtain medical and/or hospital care, attention, and

7    services in an amount as yet unascertained.

8        40.    Based upon information and belief, Defendants actually knew of

9    Prempro's defective nature, as set forth herein, but continued to design,

10   manufacture, market, and sell Prempro so as to maximize sales and profits at the

11   expense of the health and safety of the public, including Plaintiff, in conscious

12   disregard of the foreseeable harm caused by Prempro.

13       41.    Defendants' conduct in the license, design, manufacturing, assembly,

14   packaging, warning, marketing, advertising, promotion, distribution and sale of

15   the Product, includes, but is not limited to:

16           A.    Marketing and promoting aggressively the Product, knowing

17                 the high risks posed by failing to conduct sufficient pre-clinical

18                 and clinical testing and adequate post-marketing surveillance;

19           B.    Failing to provide complete literature, instructions, and training

20                 to health care professionals indicating the proper use of the

21                 Product, and the need for monitoring patients while on the

22                 Product;

23           C.    Failing to include adequate warnings with the Product that

24                 would alert consumers, physicians, hospitals, clinics, and other

25                 users to the potential risks and the nature, scope, severity, and

26                 duration of any serious side-effects of the Product, particularly,

27                 increasing the incidence of breast cancer, strokes, heart

28                 attacks and blood clots;

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-13-

D.  Continuing to promote the efficacy and safety of the Product, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the increased risks associated with use of the Product;

E.  Delaying warnings of, and then failing to provide adequate warnings about the dangerous side effects which may have dissuaded medical providers from prescribing the Product so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the Product, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers such as the Plaintiff and the other class members, such as to constitute despicable conduct, and oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate Defendants herein, thereby entitling Plaintiff and the other class members to punitive damages in an amount appropriate to punish and set an example of Defendant.

## SECOND CAUSE OF ACTION

### (Strict Product Liability - Failure to Warn)

42.  Plaintiff reincorporates and realleges, as if fully rewritten herein at length, paragraphs 1 through 41 set forth above.

43.  Defendants are the manufacturer and/or supplier of Prempro.

44.  The Prempro manufactured and/or supplied by Defendants was and is unaccompanied by proper warnings regarding all possible side effects associated with the use of Prempro and the comparative severity, incidence, and duration of such adverse effects, i.e., the warnings given did not accurately reflect the signs, symptoms, incidence, scope or severity of the side effects.

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-14-

45. Defendants failed to perform adequate testing that would have shown that Prempro possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

46. The Prempro manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warnings or instructions because, after the manufacturer knew or should have known of the risks of injury from Prempro, it failed to provide adequate warnings to users or consumers of the Product and continued to aggressively promote Prempro.

47. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff and the other class members bear the risk of injury resulting from the use of the Product which is latent and/or undetected and which could ultimately result in permanent and devastating injuries. These injuries can cause extensive pain and suffering, and emotional distress; can substantially reduce the class members' ability to enjoy life; and may in the future cause Plaintiff and the other class members to expend substantial sums of money for medical, hospital, and related care, all to the general damage of the Plaintiff and the other class members.

48. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff and the other class members may be injured in their health, strength and activity and may have suffered latent and/or presently undetected injuries to body and mind.

49. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants, Plaintiff and the other class members have required and will in the future require reasonable and necessary health care, attention and services and have incurred and will incur in

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 433-6855

1  the future, medical, incidental, and service expenses in order to continually

2  monitor and test for injuries resulting from the use of the Product.   Plaintiff

3  alleges on information and belief that Plaintiff and the other class members will

4  in the future be required to obtain medical and/or hospital care, attention, and

5  services in an amount as yet unascertained.

6      50.   Based upon information and belief, Defendants actually knew of

7  Prempro's defective nature, as set forth herein, but continued to design,

8  manufacture, market, and sell Prempro so as to maximize sales and profits at the

9  expense of the health and safety of the public, including Plaintiff, in conscious

10  disregard of the foreseeable harm caused by Prempro.

11      51.   Defendants' conduct in the license, design, manufacturing, assembly,

12  packaging, warning, marketing, advertising, promotion, distribution and sale of

13  the Product, includes, but is not limited to:

14      A.   Marketing and promoting aggressively the Product, knowing

15         the high risks posed by failing to conduct sufficient pre-clinical

16         and clinical testing and adequate post-marketing surveillance;

17      B.   Failing to provide complete literature, instructions, and training

18         to health care professionals indicating the proper use of the

19         Product, and the need for monitoring patients while on the

20         Product;

21      C.   Failing to include adequate warnings with the Product that

22         would alert consumers, physicians, hospitals, clinics, and other

23         users to the potential risks and the nature, scope, severity, and

24         duration of any serious side-effects of the Product, particularly,

25         increasing the incidence of breast cancer, strokes, heart

26         attacks and blood clots;

27      D.   Continuing to promote the efficacy and safety of the Product,

28         while providing little or no warnings, and downplaying any

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1    risks, even after Defendants knew of the increased risks

2    associated with use of the Product;

3    E.    Delaying warnings of, and then failing to provide adequate

4    warnings about the dangerous side effects which may have

5    dissuaded medical providers from prescribing the Product so

6    freely, and depriving medical providers from weighing the true

7    risks against the benefits of prescribing the Product, was

8    fraudulent, knowing misconduct, and/or conduct undertaken

9    recklessly and with conscious disregard for the safety of

10    consumers such as Plaintiff and the other class members, such

11    as to constitute despicable conduct, and oppression, fraud and

12    malice, and such conduct was at all times relevant ratified by

13    the corporate Defendants herein, thereby entitling Plaintiff and

14    the other class members to punitive damages in an amount

15    appropriate to punish and set an example of Defendant.

16    ## THIRD CAUSE OF ACTION

17    ### (Strict Product Liability - Defective Design/Manufacturing)

18    52.    Plaintiff reincorporates and realleges, as if fully rewritten herein at

19    length, paragraphs 1 through 51 set forth above.

20    53.    Defendants are the manufacturer and/or supplier of Prempro.

21    54.    The Prempro manufactured and/or supplied by Defendants was

22    placed into the stream of commerce by Defendants in a defective and

23    unreasonably dangerous condition in that the foreseeable risks exceeded the

24    benefit associated with the design or formulation.

25    55.    Alternatively, Prempro, as manufactured and/or supplied by

26    Defendants, was defective in design or formulation in that when such drug was

27    placed in the stream of commerce, it was unreasonably dangerous, was more

28    dangerous than an ordinary consumer would expect and more dangerous than

<div style="writing-mode: vertical">RUSHALL & McGEEVER<br>A PROFESSIONAL LAW CORPORATION<br>1903 WRIGHT PLACE, SUITE 250<br>CARLSBAD, CALIFORNIA 92008<br>(760) 438-6855</div>

-17-

1   other forms of treatment for the symptoms sought to be alleviated.

2       56.   Based upon information and belief, Defendants actually knew of

3   Prempro's defective nature but continued to design, manufacture, market and sell

4   Prempro so as to maximize sales and profits at the expense of the public health

5   and safety, in conscious disregard of the foreseeable harm caused by Prempro.

6       57.   As a direct, proximate and legal result of the negligence,

7   carelessness, other wrongdoing and actions of Defendants described herein,

8   Plaintiff and the other class members bear the risk of injury resulting from the use

9   of the Product which is latent and/or undetected and which could ultimately

10  result in permanent and devastating injuries.  These injuries can cause extensive

11  pain and suffering, and emotional distress; can substantially reduce the class

12  members' ability to enjoy life; and may in the future cause Plaintiff and the other

13  class members to expend substantial sums of money for medical, hospital, and

14  related care, all to the general damage of the Plaintiff and the other class

15  members.

16      58.   As a direct, proximate and legal result of the negligence,

17  carelessness, other wrongdoing and actions of Defendants described herein,

18  Plaintiff and the other class members may be injured in their health, strength and

19  activity and may have suffered latent and/or presently undetected injuries to

20  body and mind.

21      59.   As a direct, proximate and legal result of the negligence,

22  carelessness, other wrongdoing and actions of Defendant, Plaintiff and the other

23  class members have required and will in the future require reasonable and

24  necessary health care, attention and services and have incurred and will incur in

25  the future, medical, incidental, and service expenses in order to continually

26  monitor and test for injuries resulting from the use of the Product.   Plaintiff

27  alleges on information and belief that Plaintiff and the other class members will

28  in the future be required to obtain medical and/or hospital care, attention, and

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 434-6855

1   services in an amount as yet unascertained.

2       60.   Based upon information and belief, Defendants actually knew of

3   Prempro's defective nature, as set forth herein, but continued to design,

4   manufacture, market, and sell Prempro so as to maximize sales and profits at the

5   expense of the health and safety of the public, including Plaintiff, in conscious

6   disregard of the foreseeable harm caused by Prempro.

7       61.   Defendants' conduct in the license, design, manufacturing, assembly,

8   packaging, warning, marketing, advertising, promotion, distribution and sale of

9   the Product, includes, but is not limited to:

10          A.   Marketing and promoting aggressively the Product, knowing
11               the high risks posed by failing to conduct sufficient pre-clinical
12               and clinical testing and adequate post-marketing surveillance;

13          B.   Failing to provide complete literature, instructions, and training
14               to health care professionals indicating the proper use of the
15               Product, and the need for monitoring patients while on the
16               Product;

17          C.   Failing to include adequate warnings with the Product that
18               would alert consumers, physicians, hospitals, clinics, and other
19               users to the potential risks and the nature, scope, severity, and
20               duration of any serious side-effects of the Product, particularly,
21               increasing the incidence of breast cancer, strokes, heart
22               attacks and blood clots;

23          D.   Continuing to promote the efficacy and safety of the Product,
24               while providing little or no warnings, and downplaying any
25               risks, even after Defendants knew of the increased risks
26               associated with use of the Product; and

27          E.   Delaying warnings of, and then failing to provide adequate
28               warnings about the dangerous side effects which may have

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-19-

1    dissuaded medical providers from prescribing the Product so

2    freely, and depriving medical providers from weighing the true

3    risks against the benefits of prescribing the Product, was

4    fraudulent, knowing misconduct, and/or conduct undertaken

5    recklessly and with conscious disregard for the safety of

6    consumers such as Plaintiff and the other class members, such

7    as to constitute despicable conduct, and oppression, fraud and

8    malice, and such conduct was at all times relevant ratified by

9    the Defendants herein, thereby entitling Plaintiff and the other

10    class members to punitive damages in an amount appropriate

11    to punish and set an example of Defendants.

12                    **FOURTH CAUSE OF ACTION**

13                     **(Breach of Express Warranty)**

14        62.   Plaintiff reincorporates and realleges, as if fully rewritten herein at

15    length, paragraphs 1 through 61 set forth above.

16        63.   Defendants expressly warranted that Prempro was safe and well-

17    accepted by patient studies.

18        64.   Prempro does not conform to these express representations because

19    Prempro is not safe and has high levels of life-threatening side effects, including,

20    but not limited to, increasing the incidence of breast cancer, strokes, heart

21    attacks and blood clots.

22        65.   As a direct, proximate and legal result of the negligence,

23    carelessness, other wrongdoing and actions of Defendants described herein,

24    Plaintiff and the other class members bear the risk of injury resulting from the use

25    of the Product which is latent and/or undetected and which could ultimately

26    result in permanent and devastating injuries.  These injuries can cause extensive

27    pain and suffering, and emotional distress, and can substantially reduce the class

28    members' ability to enjoy life; and may in the future cause Plaintiff and the other

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-20-

class members to expend substantial sums of money for medical, hospital, and related care, all to the general damage of the Plaintiff and the other class members.

66. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff and the other class members may be injured in health, strength and activity and may have suffered latent and/or presently undetected injuries to body and mind.

67. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendant, Plaintiff and the other class members have required and will in the future require reasonable and necessary health care, attention and services and have incurred and will incur in the future, medical, incidental, and service expenses in order to continually monitor and test for injuries resulting from the use of the Product. Plaintiff alleges on information and belief that Plaintiff and the other class members will in the future be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

68. Based upon information and belief, Defendants actually knew of Prempro's defective nature, as set forth herein, but continued to design, manufacture, market, and sell Prempro so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious disregard of the foreseeable harm caused by Prempro.

69. Defendants' conduct in the license, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution and sale of the Product, includes, but is not limited to:

> A. Marketing and promoting aggressively the Product, knowing the high risks posed by failing to conduct sufficient pre-clinical and clinical testing and adequate post-marketing surveillance;

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-21-

B. Failing to provide complete literature, instructions, and training to health care professionals indicating the proper use of the Product, and the need for monitoring patients while on the Product;

C. Failing to include adequate warnings with the Product that would alert consumers, physicians, hospitals, clinics, and other users to the potential risks and the nature, scope, severity, and duration of any serious side-effects of the Product, particularly, increasing the incidence of breast cancer, strokes, heart attacks and blood clots;

D. Continuing to promote the efficacy and safety of the Product, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the increased risks associated with use of the Product.

70. Delaying warnings of, and then failing to provide adequate warnings about the dangerous side effects which may have dissuaded medical providers from prescribing the Product so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the Product, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers such as Plaintiff and the other class members, such as to constitute despicable conduct, and oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate Defendants herein, thereby entitling Plaintiff and the other class members to punitive damages in an amount appropriate to punish and set an example of Defendant.

/ / /

/ / /

/ / /

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty)

71.    Plaintiff reincorporates and realleges, as if fully rewritten herein at length, paragraphs 1 through 70 set forth above.

72.    At the time Defendants marketed, sold, and distributed Prempro, for use by Plaintiff, Defendants knew of the use for which Prempro and/or was intended and impliedly warranted the Product to be of merchantable quality and safe and fit for its intended use.

73.    Plaintiff and the other class members reasonably relied upon the skill and judgment of Defendants as to whether Prempro was of merchantable quality and safe and fit for its intended use.

74.    Contrary to such implied warranty, Prempro was not of merchantable quality or safe or fit for its intended use, because the Product was, and is unreasonably dangerous and unfit for the ordinary purposes for which it was used, as described above.

75.    As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff and the other class members bear the risk of injury resulting from the use of the Product which is latent and/or undetected and which could ultimately result in permanent and devastating injuries.  These injuries can cause extensive pain and suffering, and emotional distress, and can substantially reduce the class members' ability to enjoy life; and may in the future cause Plaintiff and the other class members to expend substantial sums of money for medical, hospital, and related care, all to the general damage of the Plaintiff and the other class members.

76.    As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff and the other class members may be injured in their health, strength and

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1    activity and may have suffered latent and/or presently undetected injuries to

2    body and mind.

3    77.   As a direct, proximate and legal result of the negligence,

4    carelessness, other wrongdoing and actions of Defendant, Plaintiff and the other

5    class members have required and will in the future require reasonable and

6    necessary health care, attention and services and have incurred and will incur in

7    the future, medical, incidental, and service expenses in order to continually

8    monitor and test for injuries resulting from the use of the Product.   Plaintiff

9    alleges on information and belief that Plaintiff and the other class members will

10   in the future be required to obtain medical and/or hospital care, attention, and

11   services in an amount as yet unasertained.

12   78.   Based upon information and belief, Defendants actually knew of

13   Prempro's defective nature, as set forth herein, but continued to design,

14   manufacture, market, and sell Prempro so as to maximize sales and profits at the

15   expense of the health and safety of the public, including

16   Plaintiff,  in conscious disregard of the foreseeable harm caused by Prempro.

17   79.   Defendants' conduct in the license, design, manufacturing, assembly,

18   packaging, warning, marketing, advertising, promotion, distribution and sale of

19   the Product, includes, but is not limited to:

20   A.   Marketing and promoting aggressively the Product, knowing

21   the high risks posed by failing to conduct sufficient pre-clinical

22   and clinical testing and adequate post-marketing surveillance;

23   B.   Failing to provide complete literature, instructions, and training

24   to health care professionals indicating the proper use of the

25   Product, and the need for monitoring patients while on the

26   Product;

27   C.   Failing to include adequate warnings with the Product that

28   would alert consumers, physicians, hospitals, clinics, and other

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-24-

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1  users to the potential risks and the nature, scope, severity, and

2  duration of any serious side-effects of the Product, particularly,

3  increasing the incidence of breast cancer, strokes, heart

4  attacks and blood clots;

5  D.  Continuing to promote the efficacy and safety of the Product,

6  while providing little or no warnings, and downplaying any

7  risks, even after Defendants knew of the increased risks

8  associated with use of the Product;

9  E.  Delaying warnings of, and then failing to provide adequate

10  warnings about the dangerous side effects which may have

11  dissuaded medical providers from prescribing the Product so

12  freely, and depriving medical providers from weighing the true

13  risks against the benefits of prescribing the Product, was

14  fraudulent, knowing misconduct, and/or conduct undertaken

15  recklessly and with conscious disregard for the safety of

16  consumers such as Plaintiff and the other class members, such

17  as to constitute despicable conduct, and oppression, fraud and

18  malice, and such conduct was at all times relevant ratified by

19  the corporate Defendants herein, thereby entitling Plaintiff and

20  the other class members to punitive damages in an amount

21  appropriate to punish and set an example of Defendants.

22  ## SIXTH CAUSES OF ACTION

23  ### (Negligence Per Se)

24  80.  Plaintiff reincorporates and realleges, as if fully rewritten herein at

25  length, paragraphs 1 through 79 set forth above.

26  81.  Defendants have an obligation not to violate the law.

27  82.  Defendants have violated the Federal Food, Drug, and Cosmetic Act,

28  21 U.S.C. Section 301, *et seq.*, related amendments and codes and federal

1  regulations promulgated thereunder, and other applicable state and federal law.

2      83.   Plaintiff and the other class members, as purchasers and consumers

3  of the Product, are within the class of persons the statutes described above are

4  designed to protect.   Injury due to false advertising, misbranding, misleading

5  products is the type of harm these statutes are designed to prevent.

6      84.   Defendants are responsible to Plaintiff and the other class members

7  for injuries incurred for violations of the statutes described above under the

8  doctrine of negligence per se.

9      85.   As a direct, proximate and legal result of the negligence,

10  carelessness, other wrongdoing and actions of Defendants described herein,

11  Plaintiff and the other class members bear the risk of injury resulting from the use

12  of the Product which is latent and/or undetected and which could ultimately

13  result in permanent and devastating injuries.   These injuries can cause extensive

14  pain and suffering, and emotional distress, and can substantially reduce the class

15  members' ability to enjoy life; and may in the future cause Plaintiff and the other

16  class members to expend substantial sums of money for medical, hospital, and

17  related care, all to the general damage of the Plaintiff and the other class

18  members.

19      86.   As a direct, proximate and legal result of the negligence,

20  carelessness, other wrongdoing and actions of Defendants described herein,

21  Plaintiff and the other class members may be injured in their health, strength and

22  activity and may have suffered latent and/or presently undetected injuries to

23  body and mind.

24      87.   As a direct, proximate and legal result of the negligence,

25  carelessness, other wrongdoing and actions of Defendants, Plaintiff and the other

26  class members have required and will in the future require reasonable and

27  necessary health care, attention and services and have incurred and will incur in

28  the future, medical, incidental, and service expenses in order to continually

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1   monitor and test for injuries resulting from the use of the Product.   Plaintiff

2   alleges on information and belief that the Plaintiff and the other class members

3   will in the future be required to obtain medical and/or hospital care, attention,

4   and services in an amount as yet unasertained.

5       88.   Based upon information and belief, Defendants actually knew of

6   Prempro's defective nature, as set forth herein, but continued to design,

7   manufacture, market, and sell Prempro so as to maximize sales and profits at the

8   expense of the health and safety of the public, including Plaintiff,  in conscious

9   disregard of the foreseeable harm caused by Prempro.

10      89.   Defendants' conduct in the license, design, manufacturing, assembly,

11  packaging, warning, marketing, advertising, promotion, distribution and sale of

12  the Product, includes, but is not limited to:

13      A.   Marketing and promoting aggressively the Product, knowing

14          the high risks posed by failing to conduct sufficient pre-clinical

15          and clinical testing and adequate post-marketing surveillance;

16      B.   Failing to provide complete literature, instructions, and training

17          to health care professionals indicating the proper use of the

18          Product, and the need for monitoring patients while on the

19          Product;

20      C.   Failing to include adequate warnings with the Product that

21          would alert consumers, physicians, hospitals, clinics, and other

22          users to the potential risks and the nature, scope, severity, and

23          duration of any serious side-effects of the Product, particularly,

24          increasing the incidence of breast cancer, strokes, heart

25          attacks and blood clots;

26      D.   Continuing to promote the efficacy and safety of the Product,

27          while providing little or no warnings, and downplaying any

28          risks, even after Defendants knew of the increased risks

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

-27-

associated with use of the Product; and

E.    Delaying warnings of, and then failing to provide adequate warnings about the dangerous side effects which may have dissuaded medical providers from prescribing the Product so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the Product, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers such as Plaintiff and the other class members, such as to constitute despicable conduct, and oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate Defendants herein, thereby entitling Plaintiff and the other class members to punitive damages in an amount appropriate to punish and set an example of Defendants.

**WHEREFORE**, Plaintiff demands on behalf of herself and all class members in the United States, the following:

1.    An Order from this Court compelling Defendants to establish a fund for the reimbursement of medical testing and monitoring costs already incurred by the class members with respect to the potential injuries caused by the Product;

2.    An Order from this Court compelling Defendants to establish a fund for the reimbursement of medical testing and monitoring costs to be expended by the class members in the future with respect to the potential injuries caused by the Product;

3.    An Order from this Court compelling Defendants to establish a fund for the reimbursement of medical treatment, costs, loss of earnings and other damages that may be incurred by the class members in the future with respect to actual injuries that manifest as the result of the use of the Product;

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

1    4.    All costs expended herein, including attorney fees;

2    5.    Punitive damages; and

3    6.    Such other and further relief as the Court deems just and proper.

4                         **DEMAND FOR JURY TRIAL**

5         Plaintiff, on her own behalf and on behalf of all others similarly situated,

6    hereby demands a jury trial on all claims so triable in this action.

7

8                                          RUSHALL & McGEEVER

9

10   Dated: December 11, 2003          *Eileen McGeever*

11                                      Eileen L. McGeever
                                        Attorneys for Plaintiff April Krueger,
12                                      Individually and on Behalf of All
                                        Others Similarly Situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSHALL & McGEEVER
A PROFESSIONAL LAW CORPORATION
1903 WRIGHT PLACE, SUITE 250
CARLSBAD, CALIFORNIA 92008
(760) 438-6855

JS44
(Rev. 07/89)

# ●ORIGINAL●

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| APRIL KRUEGER, Individually and on Behalf of All Others Similarly Situated | WYETH, INC. f/k/a AMERICAN HOME PRODUCTS, a Pennsylvania corporation; WYETH PHARMACEUTICALS f/k/a WYETH-AYERST PHARMACEUTICALS, a Pennsylvania corp. |

'03 DEC 12 PM 4:08

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>EILEEN L. McGEEVER, SBN 62076<br>RUSHALL & McGEEVER<br>1903 WRIGHT PLACE, STE. 250<br>CARLSBAD, CA 92008   (760) 438-6855 | ATTORNEYS (IF KNOWN) |
|---|---|

'03 CV 2496 R (AJB)

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

This is a product liability case brought by a class action on behalf of plaintiffs who were prescribed HRT. Causes of action include negligence, strict product liability & breach of warranty; also violation of 21 USC 301. Primary jurisdiction based on diversity.   28:1332 pi (AP)

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract |  |  | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 555 Prisoner Conditions |  |  |  |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): MDL Proceeding | JUDGE Wm. R. Wilson, Jr. USDC-Ark. | Docket Number 4:03CV1507-WRW |
|---|---|---|

DATE 12/11/03       SIGNATURE OF ATTORNEY OF RECORD   Eileen M McGeever

#009472 $150.00 BLD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)