1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL KRUEGER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>WYETH, INC. f/k/a AMERICAN HOME PRODUCTS, a Pennsylvania corporation; WYETH PHARMACEUTICALS f/k/a WYETH-AYERST PHARMACEUTICALS, a Pennsylvania corporation; and DOES 1 through 100, Inclusive,<br><br>　　　　　　　　　　　　　　Defendant. | CASE NO. 03cv2496 JLS (AJB)<br><br>**ORDER: DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE** |

　　　Presently before the Court are Plaintiff's motion to certify the class [Doc. No. 15], Defendant's Opposition [Doc. No. 29], and Plaintiff's Reply [Doc. No. 33.] For the following reasons, the Court **DENIES** Plaintiff's motion **without prejudice**.

## BACKGROUND

　　　In December 2003, Plaintiff April Krueger filed a products liability action against Wyeth and Wyeth Pharmaceuticals Inc. in the U.S. District Court for the Southern District of California. [Defs.' Motion at 4.] The case was transferred to the Eastern District of Arkansas (Judge William R. Wilson, Jr.) for pre-trial proceedings pursuant to 28 U.S.C. § 1407 as part of In re Prempro

1  Prods. Liab. Litig., 230 F.R.D. 555 (E.D. Ark. 2005) (MDL-1507).[1]  After transfer, the allegations
2  of Ms. Krueger's complaint were merged with those of other class action complaints into a Master
3  Class Action Complaint, which was filed January 7, 2004.  The Master Class Action Complaint
4  sought to certify a multi-state class action on behalf of women seeking consumer protection relief
5  and medical monitoring.  The putative class included women who purchased Wyeth's Hormone
6  Replacement Therapy drugs ("HRT") to alleviate postmenopausal symptoms.  Judge Wilson
7  denied class certification, in part, because of the differences in state law governing the plaintiffs'
8  causes of action.  Plaintiff Krueger's case was then remanded back to this Court.  [Id.]
9       Plaintiff now requests that this Court certify a Rule 23(b)(3) damages class that is defined
10  as:
11      All California consumers who purchased Wyeth's Hormone Replacement
        Therapy products, *Premarin, Prempro, and/or Premphase*, between January 1995
12      and January 2003.
13  [Pl.'s Motion at 4.]  Plaintiff seeks two forms of relief for the class members:
14      First, Plaintiff seeks a refund of all purchase monies Class Members spent and
        disgorgement of profits Wyeth earned from HRT sales to Class Members as
15      provided for by California's Unfair Competition Law (UCL), Business and
        Professions Code §§ 17200 et. seq.
16
        Plaintiff Krueger also seeks damages, statutory damages, punitive damages and/or
17      refunds of purchase monies Class Members spent for these products as provided
        for by California's Consumer Legal Remedies Act (CLRA), Civil Code §§ 1750
18      et. seq.
19  [Id.]  Defendants note that unlike Plaintiff's prior class definition, her current definition fails to
20  exclude women seeking personal injury damages.
21
22                              **LEGAL STANDARD**
23       Motions for class certification proceed under Rule 23(a) of the Federal Rules of Civil
24  Procedure.  Rule 23(a) provides four prerequisites to a class action: (1) the class is so numerous
25  that joinder of all members is impracticable; (2) there are questions of law or fact common to the
26  class; (3) the claims or defenses of the representative parties are typical of the claims or defenses
27
28      [1] This Court incorporates by reference the background facts as set forth in Judge Wilson's
    opinion.

of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

A proposed class must also satisfy one of the subdivisions of Rule 23(b). To certify a class under Rule 23(b)(3), plaintiffs must demonstrate that: "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As the party seeking to certify a class, plaintiffs bear the burden of demonstrating that they satisfy each of the Rule 23 requirements. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1187 (9th Cir. 2001); W. States Wholesale, Inc. v. Synthetic Indus., Inc., 206 F.R.D. 271, 274 (C.D. Cal. 2002). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v Carlisle & Jacquelin, 417 US 156, 178 (1974) (quoting Miller v Mackey Int'l., 452 F 2d 424 (5th Cir. 1971) (internal quotation marks omitted). However, the Court is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." Hanon v Dataproducts Corp, 976 F 2d 497, 509 (9th Cir 1992).

## ANALYSIS

### I. The Class Cannot be Certified Because Ms. Krueger Cannot Adequately Protect the Interests of the Class as it is Defined

Rule 23(a)(4) provides that class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is met if the class representatives meet two conditions: (1) the named representatives must appear able to prosecute the action vigorously through qualified counsel, and (2) the representatives must not have antagonistic or conflicting interests with the unnamed members of the class. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978). The Supreme Court has indicated that:

> The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.

Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 625 (1997) (internal citations and quotations omitted).

Here, the proposed California class consists of "[a]ll California consumers who purchased Wyeth's Hormone Replacement Products . . . ;" thus, it would include both uninjured plaintiffs, like Ms. Krueger, as well as injured plaintiffs. [Pl.'s Motion at 4.] Plaintiff states in her motion that she seeks damages, punitive damages, and statutory damages, but in her reply indicates that she only seeks statutory damages (i.e. a refund of the purchase price). If Plaintiff is only seeking partial relief, and will not pursue damages for those that have manifest personal injuries, then she is engaging in claim-splitting.

"Claim splitting is generally prohibited by the doctrine of res judicata, which bars parties to a prior action[,] or those in privity with them[,] from raising in a subsequent proceeding any claim they could have raised in the prior action where all of the claims arise from the same set of operative facts." In re Universal Serv. Fund Tel. Billing Practices Litig., 219 F.R.D. 661, 668 (D. Kan. 2004); see generally Restatement (Second) of Judgments 2d § 24 (1982) (stating the general rule barring splitting claims). As a California court explained:

> It is clear under California law a party cannot, as a general rule, split a single cause of action because the first judgment bars recovery in a second suit on the same cause. As a result, by seeking damages only for diminution in market value, plaintiffs would effectually be waiving, on behalf of the hundreds of class members, any possible recovery of potentially substantial damages–present or future. This they may not do.

City of San Jose v. Superior Court, 12 Cal. 3d 447, 464 (1974) (internal citations omitted).

Other courts agree that the existence of claim splitting constitutes a compelling reason to deny class certification. For example, in Feinstein v. Firestone Tire & Rubber Co., 535 F. Supp. 595, 606 (S.D.N.Y. 1982), the court refused to certify a class where the class representatives asserted claims of breach of implied warranty of merchantability, but not for death, injury, or accident-related property damage due to allegedly defective tires. The Feinstein court's rationale applies here:

1
2
3
4

> [A] serious question of adequacy of representation arises when the class representatives profess themselves willing, as they do here, to assert on behalf of the class only such claims as arise from the breach of an implied warranty . . . Plaintiffs so tailored the class claims in an effort to improve the possibility of demonstrating commonality. But that improvement–essentially cosmetic . . . was purchased at the price of presenting putative class members with significant risks of being told later that they had impermissibly split a single cause of action.

5 Id.

6 In an analogous case, Pearl v. Allied Corp., 102 F.R.D. 921, 922-23 (E.D. Pa. 1984), the
7 court determined that the proposed named plaintiffs were inadequate class representatives because
8 they sought to recover the cost of removing an allegedly defective product, punitive damages, and
9 a fund for testing, screening and treatment of future medical problems, while they abandoned their
10 claims for present physical injury, diminution in property value, and breach of express warranty.

11 In another related case, a court refused to certify a medical monitoring class of smokers
12 because the class representatives failed to assert claims for personal injury on behalf of absent
13 class members. Thompson v. American Tobacco Co., 189 F.R.D. 544, 550-51 (D. Minn. 1999).
14 The court reasoned that "the possible prejudice to class members is simply too great for the Court
15 to conclude that the named Plaintiffs' interests are aligned with those of the class." Id. at 551.

16 Finally, a recent court from this District, confronted with a similar issue, cited Thompson
17 and found the class representative inadequate, in part, because he could not "simultaneously
18 represent injured and uninjured class members" and "abandon[] particular remedies to the
19 detriment of the class." Drimmer v. WD-40 Co., 2007 U.S. Dist. LEXIS 62582, *5-9 (S.D. Cal.
20 2007). The court also noted that "[a]ssuming for the sake of argument that res judicata would not
21 bar the class members from obtaining further relief [citation], the court cannot ignore the inference
22 that [the class representative] holds different priorities and litigation incentives than a typical class
23 member." Id. at *8.

24 In the present action, Plaintiff leaves the class open to those who have suffered personal
25 injuries, while stating she does not seek to pursue personal injury damages claims. As a result, the
26 Court finds that Plaintiff Krueger is an inadequate class representative under the current class
27 definition.

28

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to certify the class without prejudice.[2][3]

DATED: February 19, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[2] The Court also **DENIES** Defendant's request for judicial notice of supplemental authority as moot.

[3] The Court recognizes that Plaintiff may be able to satisfy the adequacy requirement by redefining the class and therefore **DENIES** the motion to certify **without prejudice**. However, the Court also recognizes that Plaintiff's claims are dependent on the resolution of legal questions that are currently pending before the California Supreme Court. Several courts are waiting on the California Supreme Court to resolve these "reliance" questions before rendering judgment on similar claims. For example, a court in the Northern District of California recently stated:

> It is therefore unsettled, as a matter of California law, whether actual reliance is required to plead a cause of action under [the] UCL or FAL. As the state's highest court is in the process of deciding this question, it would be imprudent for the court to reach the issue at this time. Accordingly, the court reserves judgment on plaintiffs' UCL and FAL claims until after the California Supreme Court issues its decisions on these cases.

Faigman v. AT&T Mobility LLC, 2007 U.S. Dist. LEXIS 52192, *20-22 (N.D. Cal. 2007); see also Suzuki v. Hitachi Global Storage Techs., Inc., 2007 U.S. Dist. LEXIS 51605, *19-21 (N.D. Cal. 2007) ("As the state's highest court is in the process of deciding this [reliance] question, it would be imprudent for the court to reach the issue at this time."). Accordingly, this Court finds that it cannot properly resolve Plaintiff's claims until the California Supreme Court rules on these "reliance" issues.