1    John H. Beisner, SBN 81571
Jessica D. Miller, SBN 457021 (DC)
2    Bert L. Wolff, SBN 198568 (NY)
Hayden Coleman, SBN 2845816 (NY)
3    **SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**
4    1440 New York Avenue, NW
Washington, DC 20005
5    (202) 371-7000

6    Christopher M. Young, SBN 163319
**DLA PIPER LLP (US)**
7    401 B Street, Suite 1700
San Diego, CA 92101
8    (619) 699-2700

9    F. Lane Heard III
**WILLIAMS & CONNOLLY LLP**
10    725 Twelfth Street, N.W.
Washington, DC 20005
11    (202) 434-5000

12    Attorneys for Defendants

13            UNITED STATES DISTRICT COURT

14          SOUTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16   APRIL KRUEGER, Individually and on Behalf of All Others Similarly Situated, | CV NO. 03cv2496-JAH (MDD) |
| 17           Plaintiff, | **WYETH'S MOTION FOR LEAVE TO DEPOSE APRIL KRUEGER** |
| 18          v. | |
| 19 | Judge John A. Houston |
| 20   WYETH, INC. f/k/a AMERICAN HOME PRODUCTS, a Pennsylvania corporation; WYETH PHARMACEUTICALS f/k/a | Courtroom 11 |
| 21   WYETH AYERST PHARMACEUTICALS, a Pennsylvania corporation; and DOES 1 | Magistrate Judge Mitchell D. Dembin Courtroom B |
| 22   through 100, Inclusive, | |
| 23         Defendants. | |

24

25

26

27

28

**WYETH'S MOTION FOR LEAVE TO DEPOSE APRIL KRUEGER**

Pursuant to Federal Rule of Civil Procedure 30, defendants Wyeth and Wyeth Pharmaceuticals Inc. (collectively, "Wyeth") respectfully submit this motion for leave to re-depose April Krueger, the lone named plaintiff in this class action.  Ms. Krueger was last deposed more than seven years ago, prior to the commencement of merits discovery in this case.  Now, with discovery coming to a close and trial on the horizon, it is important that Wyeth have the opportunity to depose Ms. Krueger again, so that its defense may account for developments in the intervening years – including Ms. Krueger's statements made in affidavits filed after her deposition, as well as any changes in Ms. Krueger's relevant circumstances and attitudes.  Such a limited deposition can in no way be construed as imposing an undue burden on Ms. Krueger.  She is, after all, the party who initiated this action in the first place.  For all of these reasons, set forth in more detail below, the Court should grant Wyeth's motion for leave to re-depose Ms. Krueger.

## BACKGROUND

While this case was pending in the MDL proceeding, the MDL court entered a scheduling order for class certification.  (*See* Schedule For Class Certification Determination at 1, ECF No. 83, *In re Prempro Prods. Liab. Litig.*, No. 4:03-cv-1507 (E.D. Ark. filed Jan. 9, 2004) ("Class Cert. Scheduling Order") (attached as Ex. 1).)  The order expressly provided for "depositions re: class certification issues, including but not limited to depositions of class representatives" – i.e., April Krueger and Carol Sue Kuhn.  (*See id.*)

The order echoed the provisions of the MDL court's earlier Practice and Procedure Order No. 1, which expressly provided that "the parties shall not conduct 'merits' discovery" in connection with any class action "until decision of the class certification issue."  (Order No. 1 - Practice & Procedure, ECF No. 15, *In re Prempro Prods. Liab. Litig.*, No. 4:03-cv-1507, at ¶ 13.1 (E.D. Ark. filed June 10, 2003) ("PPO #1") (attached as Ex. 2).)  That same order acknowledged the possibility that subsequent merits depositions might be required, as indicated by its proviso that any subsequent deposition must not cover "matters on which [the class representatives] could have been examined at the time of the initial deposition, except upon stipulation or by order of the Court."  (*Id.* ¶ 13.6.)

Plaintiff April Krueger was deposed when this case was still in the MDL proceeding, on April 13, 2005.  (*See* Dep. of April S. Krueger, Apr. 13, 2005 ("Krueger Dep.") (attached as Ex. 3).)  After the case returned to this Court, merits discovery was stayed pending resolution of the motion for class certification.  (*See* Order at 15 n.8, ECF No. 108 (filed Mar. 30, 2011) ("[D]iscovery has not commenced in this litigation.).)  Merits discovery commenced December 1, 2011.

Wyeth requested that plaintiff agree to a second deposition, but plaintiff refused.

## **ARGUMENT**

Under Rule 30 of the Federal Rules of Civil Procedure, a party seeking to depose a "deponent [who] has already been deposed in the case" must obtain either consent from the opposing party or "leave of court."  Leave of court "*must* [be] grant[ed] . . . to the extent consistent with Rule 26(b)(2)."  Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added).  Rule 26(b)(2) in turn provides for limitations on discovery only if the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  While "[t]he purpose of this rule is to guard against redundant or disproportionate discovery," "the court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."  *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 U.S. Dist. LEXIS 75489, at *11 (D. Kan. Aug. 21, 2008).  "Thus, the principles outlined in Rule 26(b)(2)(C) involve balancing the benefit of the proposed discovery with its likely burdens."  *Id.*

/////

- 2 -

Here, none of the three factors outlined above weighs in favor of denying Wyeth the opportunity to re-depose Ms. Krueger.

*First*, Wyeth's request to take a second deposition of Ms. Krueger is not "unreasonably cumulative or duplicative" and cannot "be obtained from some other source." This is so for several reasons.

As a preliminary matter, other courts have acknowledged the need for additional merits depositions of class representatives after class certification. *Cf.*, *e.g.*, *Auscape Int'l v. Nat'l Geo. Soc'y*, No. 02 Civ. 6441, 2003 WL 139213, at *1-2 (S.D.N.Y. Jan. 17, 2003) (noting that the parties had previously had a "'round' of depositions of plaintiffs [that] was confined to matters relating to class certification," and addressing where a subsequent "round" of "merits depositions" would take place). The MDL court in this case acknowledged the same possibility. Although it directed Wyeth to "make a good faith effort to conduct the [class-certification] examination so that a further deposition is unnecessary," the MDL court indicated its understanding that a subsequent deposition may well be necessary by providing parameters for such an examination. (*See* PPO #1 ¶ 13.6 (providing that a merits deposition could not cover "matters on which [the class representatives] could have been examined at the time of the initial deposition, except upon stipulation or by order of the Court").) On that basis alone, Wyeth's request should be granted.

Here, a subsequent deposition has been made necessary by the long period of time that has passed since class-certification discovery and the intervening events in the litigation. For one thing, since her deposition, Ms. Krueger has submitted three affidavits in support of her bid for class certification. (*See generally* Aff. Of April Krueger In Supp. Of Mot. To Certify Class, ECF No. 17 (filed May 14, 2007) ("1st Krueger Aff."); Aff. Of April Krueger In Supp. Of Mot. To Certify Class, ECF No. 61-2 (filed Jan. 7, 2010) ("2d Krueger Aff."); Aff. Of April Krueger In Supp. Of Reply To Opp'n To Mot. To Certify Class ("3d Krueger Aff.").) Wyeth should be allowed to question Ms. Krueger on the substance of her affidavits, particularly since new information has emerged in these affidavits that is relevant to the merits.

/////

- 3 -

For example, while Ms. Krueger appeared only to specifically recall one piece of literature from HealthNet referring to HT drugs at her deposition (*see, e.g.*, Krueger Dep. 119:7-19), she later attested that she received both a Health Net document called *Healthy Living at 40-Plus* and a "Wyeth brochure from Health Net" that discussed risks and benefits of HT drugs (*see* 1st Krueger Aff. ¶ 14; 2d Krueger Aff. ¶ 13).  As another example, although Ms. Krueger testified at her deposition that she had not done any research of her own regarding the Women's Health Initiative or the "new data on Prempro" (*see* Krueger Dep. 97:8-11), she has subsequently attested that she "continue[s] to follow . . . the further study results after the initial WHI reports, and continuing medical information which is publicized concerning harmful effects of hormone replacement therapy" (3d Krueger Aff. ¶ 4).  And while Ms. Krueger has previously suggested that her decision to take Prempro stemmed both from Wyeth's alleged representations and from the advice of her doctor (*see, e.g.*, Krueger Dep. 76:22-77:2; 1st Krueger Aff. ¶ 14), she has more recently attested that it was "on the basis of Wyeth's false representations that I purchased and took" Prempro and Premarin (3d Krueger Aff. ¶ 4).

Plaintiff's counsel has taken the position in e-mail correspondence that none of these matters is new information that justifies a deposition.  With respect to the Health Net literature, for example, plaintiff's counsel claims that Ms. Krueger mentioned other materials at her deposition.  While that is true, it misses the point:  Ms. Krueger only identified one *specific* piece of Health Net literature that she received; her affidavits identified another.  Wyeth is entitled to explore the significance of the second document with Ms. Krueger at a deposition.  With respect to Ms. Krueger's research, plaintiff's counsel has argued that Ms. Krueger said she followed HT stories in the newspapers and magazines at her deposition, but this response conflates two different points.  At her deposition, Ms. Krueger differentiated between general stories in the news, which she followed, and the specific results of studies, which she said she did not.  (Krueger Dep. 97:5-7 (Q.  "Did you ever go and look up the study, the published reports, about that study and its findings?"  A.  "Not the actual report, no.").)  Plaintiff's counsel finally claims that Ms. Krueger has always taken the position that she relied solely on Wyeth's alleged representations, and not her doctor, because her doctor's advice itself was informed by

- 4 -

representations from Wyeth. While that may be one way to attempt to reconcile these statements, Wyeth should be permitted to explore Ms. Krueger's understanding of her inconsistent statements about the extent of her reliance on her doctor's advice and not take her counsel's word for it.

Wyeth should also be able to question Ms. Krueger about any new medical developments she has experienced, any new medications she is taking, the revised class definition, and any changes in her opinion about hormone therapy drugs. *See, e.g.*, *Collins v. Int'l Dairy Queen*, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (approving additional depositions in part because of "the length of time and developments in the action since these men were initially deposed"); *cf. Kress v. Price Waterhouse Coopers*, No. CIV S-08-0965, 2011 U.S. Dist. LEXIS 126224, at *4-5 (E.D. Cal. Nov. 1, 2011) (granting second deposition of two named plaintiffs and possible class representatives where the first deposition had taken place two years earlier and where the individuals sought to represent a different subclass of plaintiffs). Ms. Krueger's counsel has responded that the passage of time by itself is no basis for another deposition, but seven years have passed, and things change. Indeed, as noted above, Ms. Krueger claims that she continues to follow information about HT; Wyeth should be permitted to explore what effect this new information has had on her views of HT drugs and her understanding of the case.

Of course, Wyeth cannot attempt to garner this information from some other source. After all, Ms. Krueger is the only named plaintiff in this case, and Wyeth does not know the identities of any absent class members. *See, e.g.*, *EEOC v. Holmes & Holmes Indus.*, No. 2:10-cv-955-DAK-PMW, 2011 U.S. Dist. LEXIS 140258, at *8 (D. Utah Dec. 6, 2011) (granting request to re-depose plaintiffs since they "are the actual parties making allegations against [the defendant] in this case, and their testimony cannot be obtained from any other source").[1]

**Second**, Wyeth has not had the opportunity to obtain the information sought previously, since the developments at issue have all occurred since her last deposition, and other forms of discovery from Ms. Krueger on these issues would be far inferior. As other courts have

---

[1] Neither, apparently, does plaintiff. (*See* Pl.'s 2d Am. Objs. & Resps. To Wyeth's 1st Set Of Interrogatories (Nos. 1-10) & Production Request Nos. 4 & 7 & 1st Am. Resp. To Production Request Nos. 1, 8 & 9, at 371 (stating that any information about the identities of the class members "is outside the personal knowledge of the Named Plaintiff") (attached as Ex. 4).)

1    recognized, only oral depositions provide the party taking the deposition with the opportunity "to

2    ask reasonable follow-up questions . . . that might not be readily apparent when posing

3    interrogatories." *Peacock v. Merrill*, No. CA 05-0377-BH-C, 2008 U.S. Dist. LEXIS 13598, at

4    *15 (S.D. Ala. Feb. 22, 2008). This is all the more true here since Wyeth is seeking to depose

5    Ms. Krueger, a named plaintiff. Deposition testimony from named parties can be "key" for both

6    trial preparation and impeachment purposes. *See Auscape Int'l*, 2003 WL 139213, at *1 (noting

7    that allowance of a merits deposition in class action was important because the "case abounds

8    with material and potentially disputed factual questions," meaning that "[c]areful examination

9    will be required, and important credibility issues are likely to arise"); *EEOC*, 2011 U.S. Dist.

10    LEXIS 140258, at *8 (finding that defendant had "not had ample opportunity to obtain the

11    information by discovery in the action . . . given that Plaintiffs [were] the parties who ha[d]

12    brought [the] action [and] their deposition testimony could be key to [the defendant's] defense").

13         ***Third***, the benefits of a merits deposition far outweigh any nominal burden. Wyeth is

14    entitled to a "fair opportunity to develop and prepare" for trial. *Foreclosure Mgmt. Co.*, 2008

15    U.S. Dist. LEXIS 75489, at *11. Nor can a merits deposition seriously be called burdensome.

16    Wyeth is not asking for much: just the opportunity to question the sole named plaintiff in a

17    massive class action seven years after her first deposition. "While reopening" Ms. Krueger's

18    deposition may "be inconvenient . . . that is not sufficient to constitute undue burden or expense."

19    *EEOC*, 2011 U.S. Dist. LEXIS 140258, at *9. After all, she is the one who has 'brought this

20    action" against Wyeth, and Wyeth "is not seeking merely to take the deposition of a fact witness;

21    instead, [it] is seeking to depose the actual part[y] who [has] levied allegations against [it]." *Id.*

22    Because Ms. Krueger's testimony is "centrally important" to proving the claims at issue in the

23    case, *see id.*, any burden placed on Ms. Krueger would be greatly outweighed by the need for her

24    testimony.[2]

25    _____

26    [2] Plaintiff is poorly positioned to argue that one deposition would impose a burden at this stage,
     since she recently sought leave to take almost two dozen depositions of fact and expert witnesses

27    – more than double the number allowed under the Federal Rules – with less than a month
     remaining in the fact discovery stage of this litigation, and since Wyeth was willing to stipulate to

28    five such additional depositions.

1    For all of these reasons, the Court should grant Wyeth's motion for leave to re-depose

2    Ms. Krueger.

3                                                      Respectfully submitted,

4    Dated:  May 25, 2012

5                                                      DLA PIPER LLP (US)

6

7                                                      By  s/Christopher M. Young_____

8                                                      Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -