1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   APRIL KRUEGER, Individually and on
     behalf of all others similarly situated,

12                                                    Plaintiff,

13          v.

14   WYETH, INC., f/k/a AMERICAN
     HOME PRODUCTS, a Pennsylvania
15   Corporation, et al.,

16                                                    Defendants.

17

CASE NO. 03cv2496-JAH (MDD)

ORDER DENYING
DEFENDANTS' MOTION TO
RE-DEPOSE PLAINTIFF

[DOC. NO. 164]

18          Before the Court is Defendants' motion to re-depose April Krueger, the class

19   representative Plaintiff. The motion was filed on May 25, 2012. (Doc. No. 164).

20   Defendants supplemented their motion on May 29, 2012. (Doc. No. 165). Plaintiff

21   responded in opposition on May 31, 2012 (Doc. No. 166).

22                                          Background

23          In this litigation, Plaintiff alleges Defendants' advertising campaign

24   misrepresented the benefits and failed to disclose the risks of its hormone

25   replacement drugs during the class period. The underlying class action complaint

26   was filed in this district on December 12, 2003. (Doc. No. 1). On March 20, 2004, the

27   Judicial Panel on Multidistrict Litigation transferred this case to the Eastern District

28   of Arkansas for coordinated pretrial proceedings. (Doc. No. 6). On March 20, 2007,

1   after that court declined to certify a multi-state class of consumers alleging consumer

2   fraud and seeking medical monitoring for any future injuries that arise from their

3   use of Prempro, it remanded Plaintiff's case to this district. (Doc. No. 9).

4          Back in this court, Plaintiff moved to certify a class on May 14, 2007. (Doc. No.

5   15). That motion was denied without prejudice on February 19, 2008. (Doc. No. 44).

6   On March 4, 2008, Plaintiff moved to stay all proceedings pending the outcome of

7   certain litigation pending before the California Supreme Court. (Doc. No. 47). The

8   stay was granted, ultimately, until July 31, 2009. (Doc. Nos. 52, 58). On January 7,

9   2010, Plaintiff again moved for class certification. (Doc. No. 61). That motion was

10  granted in part and denied in part on March 30, 2011. (Doc. No. 108). A motion for

11  reconsideration was denied on July 13, 2011. (Doc. No. 122). The Court of Appeals for

12  the Ninth Circuit declined permission to appeal the class certification order on

13  October 18, 2011. (Doc. No. 124).

14         The class, as certified by the District Court is:

15      All California consumers who purchased Wyeth's Hormone Replacement
    Therapy products, Premarin, Prempro, and/or Premphase, for personal
16  consumption between January 1995 and January 2003, and were
    exposed to a representation from Wyeth, or health care providers, or
17  read in literature in which Wyeth advertised or provided to third parties
    to be disseminated under its brand or the third parties' brand, that
18  Premarin, Prempro, and/or Premphase lowered cardiovascular,
    Alzheimers and/or dementia risk, or did not increase breast cancer risk,
19  and do not seek personal injury damages resulting therefrom.

20                             Discussion

21         Plaintiff Krueger initially was deposed on April 13, 2005, during the

22  Multidistrict Litigation ("MDL") proceedings. That deposition was taken pursuant to

23  Practice and Procedure Order No. 1 issued by the MDL court. (Doc. No. 164, Exh. 2).

24  That Order limited discovery to class certification issues and specifically prohibited

25  any "merits" discovery, except for required initial disclosures and for interrogatories

26  and document requests. (Id. at §§ 13.1, 14.1). Regarding the identified class

27  representatives, including Ms. Krueger, the Order required these Plaintiffs to provide

28  or disclose certain information including "any materials about Prempro or hormone

replacement therapy that she received, read and/or viewed . . . ." (*Id.* at § 13.3(e)). The Order also provided that the identified class representative Plaintiffs, including Ms. Krueger, were subject to deposition and "will not be subject to additional deposition examination as to matters on which they could have been examined at the time of the initial deposition, except upon stipulation or by order of the Court." (*Id.* at § 13.6). Defendants were ordered to make a good faith effort to conduct the examination so that a further deposition would be unnecessary. (*Id.*)

Defendants assert that a further deposition of Plaintiff Krueger is necessary. They contend that their initial examination was limited to class certification issues by the MDL Order discussed above; that statements made by Plaintiff in later filings warrant examination; and, that the passage of six years suffices for Defendants to be allowed to inquire of Plaintiff her current view of the issues in litigation. Plaintiff counters that Ms. Krueger was examined extensively on merits issues during her initial deposition; that the subsequent case filings do not reflect new issues or claims sufficient to require Ms. Krueger to be re-examined; and, that the mere passage of time is not sufficient grounds for re-examination.

The Court has reviewed the transcript of Ms. Krueger's deposition. It covers 219 pages and lasted about 4 hours. (Doc. No. 166, Exh. 1). Defendants' counsel had the opportunity to and did inquire of Ms. Krueger regarding her exposure to articles and advertisements regarding Prempro and other hormone therapy drugs. It does not appear that the examination was limited. Defendants, although referring to the MDL Order's prohibition on taking "merits" discovery, have not identified areas of inquiry that were not explored because of the MDL Order. Defendants reliance on alleged inconsistencies between her deposition testimony and later filed declarations to support their motion to re-depose Ms. Krueger actually mitigates against their position that the limitations of the MDL Order had any bearing upon their examination. Defendants have not raised any avenue of inquiry that they did not actually pursue in the initial deposition.  There are no new claims or defenses and no

1   new parties.  The fact that six years have passed does not provide a basis to subject

2   Ms. Krueger to a further deposition.

3        The Court is left with the firm impression that Defendants seek to re-depose

4   Ms. Krueger primarily to attempt to impeach her earlier testimony. If that is their

5   desire, they may have the opportunity to do so at trial.  The Court finds that

6   Defendants have failed to show good cause for a second deposition of Ms. Krueger.

7                                    Conclusion

8        For the foregoing reasons, Defendants' motion to re-depose Ms. Krueger is

9   **DENIED**.

10  **IT IS SO ORDERED:**

11  DATED:  June 1, 2012

12

13                                   _____
                                     Hon. Mitchell D. Dembin
14                                   U.S. Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28