1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  APRIL KRUEGER, Individually and on       CASE NO. 03cv2496-JAH (MDD)
    behalf of all others similarly situated,

12                                            ORDER ON JOINT MOTION
                                  Plaintiff,  FOR DETERMINATION OF
                                              DISCOVERY DISPUTE
13        v.                                  REGARDING ADDITIONAL
                                              DEPOSITIONS
14

15  WYETH, INC., f/k/a AMERICAN               [ECF NO. 214]
    HOME PRODUCTS, a Pennsylvania
16  Corporation, et al.,

17                                Defendants.

18

19        Before the Court is a joint motion for determination of a discovery dispute filed

20  on September 14, 2012.  Discovery in this case is closed.  Plaintiff, however, seeks leave

    to take six more fact depositions. Defendants oppose.  [ECF No. 214].  For the reasons
21
    provided below, Plaintiff's request is **DENIED**.
22
                                  Relevant Procedural History
23
          In this litigation, Plaintiff alleges that Defendants' advertising campaign
24
    misrepresented the benefits and failed to disclose the risks of its hormone replacement
25
    drugs during the class period.  The underlying class action complaint was filed in this
26
    district on December 12, 2003. (ECF No. 1).  On March 20, 2004, the Judicial Panel on
27
    Multi-district Litigation transferred this case to the Eastern District of Arkansas for
28
    coordinated pretrial proceedings. (ECF No. 6).  A substantial amount of discovery was

conducted during the multi-district litigation phase. On March 20, 2007, after that court declined to certify a multi-state class of consumers, it remanded Plaintiff's case back to this district. (ECF No. 9).

Back in this Court, after some post-remand skirmishing, the parties submitted a report pursuant to Fed.R.Civ.P. 26(f), including a discovery plan, on November 10, 2011. (ECF No. 126). Plaintiff reported that the case should be ready for trial in November 2012. Defendants believed that it would be better to schedule trial in December 2012. *(Id.)*. After conferring with counsel, this Court issued a scheduling order on December 1, 2011, providing for discovery to close on June 15, 2012, dispositive motions to be filed by July 30, 2012, and setting a pretrial conference before the district court on November 26, 2012. (ECF No. 130). Accordingly, discovery in this district opened on December 1, 2011, and was to close on June 15, 2012, consistent with the suggestion of the parties.

Upon joint motion of the parties, the scheduling order was amended on April 13, 2012. The amended order maintained June 15, 2012, as the close of fact discovery but allowed for expert discovery to continue until August 10, 2012. The date by which dispositive motions had to be filed was moved to September 10, 2012. The pretrial conference date remained at November 26, 2012, before the district court. (ECF No. 152). Consistent with the amended order, Defendants filed a motion for summary judgment and a motion to decertify the class on September 10, 2012. (ECF Nos. 206, 209). The instant motion for leave to take additional depositions was filed four days later. (ECF No. 214).

<u>History Regarding Disputes Over Depositions</u>

This is the third dispute regarding depositions brought before the Court. In the first, Plaintiff served deposition subpoenas upon nine non-party witnesses between April 23 and May 5, 2012, for depositions to occur between May 9 and June 1, 2012. Each of the witnesses retained counsel shortly after being served; the same counsel was retained by each of the witnesses. In a motion filed on May 8, 2012, counsel for the witnesses sought additional time to prepare for the depositions. (ECF No. 158). Plaintiff opposed

1   because of the impending  June 15, 2012, fact discovery deadline.  The Court allowed

2   third-party counsel additional preparation time and extended the fact discovery deadline

3   to July 20, 2012, solely for these non-party fact depositions to occur.  The Court, in its

4   Order, reminded Plaintiff that she could not exceed the ten deposition limit of

5   Fed.R.Civ.P. 30 absent stipulation or by leave of court.  (ECF No. 159).

6         In the second dispute, filed on May 16, 2012, Plaintiff moved for leave to take up

7   to twenty-three depositions.  (ECF No. 160).  At that point, despite discovery having

8   been open since December 1, 2011, Plaintiff had taken but one deposition.  Defendants

9   responded on May 23, 2012, offering to stipulate to a total of fifteen allowable

10  depositions. (Doc. No. 162).  The Court adopted the stipulation offered by Defendants.

11  The Court declined to authorize depositions beyond the fourteen available to Plaintiff

12  as a result of the stipulation.  At that time, it appeared that Plaintiff would have ample

13  opportunity to obtain the information by discovery that she required or to seek

14  agreement or leave of court for more depositions.  (ECF No. 163).

15        In this, the third dispute regarding depositions, Plaintiff requests leave to take

16  six additional fact depositions.  In support, Plaintiff asserts that she has taken nine fact

17  depositions but complains that the depositions "did not yield sufficient first-hand

18  information concerning the actual sales activities, sales training, and day-to-day

19  supervision of Wyeth's California sales representatives during the class period . . . ."

20  (ECF No. 214-1 at 2).  Defendants object on the grounds that fact discovery closed

21  months ago and Plaintiff did not diligently pursue discovery or seek relief.  Defendants

22  assert that they would be prejudiced by any re-opening of discovery inasmuch as their

23  dispositive motions have been filed and contend that Plaintiff has not provided sufficient

24  justification for the additional depositions. (ECF No. 214-3).

25                                    Discussion

26        A threshold issue is the standard to be met by Plaintiff in seeking the relief

27  requested. Modification of a scheduling order requires good cause. Fed.R.Civ.P. 16(b)(4).

28  Defendants argue that this is the standard that Plaintiff must meet.  If modification of

a scheduling order is not required, the Federal Rules provide that a party seeking to exceed ten depositions without stipulation must obtain leave of court which must be granted unless the court finds that the discovery sought is unreasonably cumulative or duplicative, the party has had ample opportunity to obtain the information by discovery in the action, or the burden or expense of the proposed discovery outweighs its likely benefit. *See* Rules 30(a)(2)(A)(i) and 26(b)(2)(C)(i)-(iii). Plaintiff's motion is predicated upon this standard.

The relief requested by Plaintiff requires reopening of fact discovery. Under the scheduling order fact discovery closed on June 15, 2012, except for nine specified non-party fact witnesses. Regarding the nine non-party witnesses, discovery closed on July 20, 2012. Reopening fact discovery requires modification of the scheduling order. Rule 16(b)(4) provides that modification of the scheduling order requires good cause and consent of the judge. This is the standard that Plaintiff must meet for the court to grant the requested relief. The good cause standard under Rule 16 focuses on the diligence of the moving party. The moving party must have been reasonably diligent in pursuing discovery or seeking relief. *See New York Life Ins. Co. v. Morales, et al.,* 2008 WL 2622875*2 (S.D. Cal. July 1, 2008).

The Court finds that Plaintiff has not demonstrated good cause. Even assuming that the nine fact witnesses whose testimony was disappointing to Plaintiff were deposed in the extended discovery period which closed on July 20, 2012, which is not entirely clear from the record, Plaintiff admits that she did not raise the issue with Defendants until September 4, 2012, and did not bring this motion forward until September 14, 2012. (ECF 214-1 at 2). There is no adequate explanation provided for this delay. Plaintiff has not explained why she delayed in taking any depositions in this case until late in the discovery process (only one deposition had been taken by May 2012, just one month before the scheduled close of fact discovery). Plaintiff has not specifically identified the six witnesses she intends to depose, other than stating that they are or were district managers, nor proffered their expected testimony, other than stating that

the area managers who were deposed suggested that the district managers may have more first-hand information.  Finally, the rationale provided by Plaintiff, essentially that the testimony taken was not satisfying, is insufficient.  Plaintiff does not explain why, after being disappointed with the testimony of several of Defendants' area managers who Plaintiff admits pointed her toward district managers, Plaintiff continued with the depositions of area managers instead of re-directing her efforts and remaining depositions to district managers.  (ECF No. 214-1 at 4 ("the witnesses themselves suggest that previously undeposed district managers have far more first-hand information.")).   Nor does Plaintiff explain why she did not seek relief prior to the expiration of the discovery period upon recognizing that additional depositions might be beneficial.

The Court finds that Plaintiff has not demonstrated the reasonable diligence required for the Court to find good cause to modify the scheduling order, reopen fact discovery and allow for additional depositions.  The Ninth Circuit has said, "If [the moving] party was not diligent, the inquiry should end."  *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604,609 (9th Cir. 1992).

Conclusion

Plaintiff's motion to reopen discovery to take six additional fact depositions is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 20, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge