# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL KRUEGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYETH, INC. f/k/a AMERICAN HOME PRODUCTS, a Pennsylvania corporation; WYETH PHARMACEUTICALS f/k/a WYETH AYERST PHARMACEUTICALS, a Pennsylvania corporation; and Does 1 through 100, Inclusive,<br><br>Defendants. | Case No.: 3cv2496-JAH (MDD)<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [Doc. No. 422]; AND**<br><br>**2. GRANTING PLAINTIFF'S MOTION FOR CLASS COUNSEL FEES, EXPENSES AND PLAINTIFF INCENTIVE AWARD [Doc. No. 408]** |

Before the Court is Plaintiff April Krueger's Unopposed Motion for Final Approval of the Class Action Settlement Agreement between the previously certified Plaintiff-Class and Defendants Wyeth and Wyeth Pharmaceuticals Inc. *Doc. No. 422*. Also, before the Court is Plaintiff's Motion for Approval of Class Counsel Fees, Expenses, and Plaintiff Incentive Award. *Doc. No. 408*.

WHEREAS, on March 13, 2020, the Court preliminary approved the class action Settlement Agreement between Plaintiff April Krueger ("Plaintiff") and Defendants Wyeth and Wyeth Pharmaceuticals, Inc. (collectively, "Defendants"). *Doc. No. 405*;

WHEREAS, the Court preliminarily approved the form of Notice, the Parties' proposed Notice Plan, Claim Form, Claim procedures, and Notice procedures;

WHEREAS, the Parties have informed the Court that Notice of the Settlement was disseminated in accordance with the Notice plan and procedures approved by the Court;

WHEREAS, Notice of Plaintiff's Motion for Approval of Class Counsel Fees, Expenses and Plaintiff Incentive Award was provided to all Settlement Class Members and copies of the Motion and supporting Memorandum were made available to them on the Settlement Website;

WHEREAS, only one objection to the Settlement or to Plaintiff's Motion for Approval of Class Counsel Fees, Expenses and Plaintiff Incentive Award was filed with the Court.

WHEREAS only one class member, Karen J. Koch, submitted a timely, written exclusion request to the Claim Administrator, Doc. No. 417;

WHEREAS, the Parties, via counsel appeared before this Court telephonically, on August 14, 2020, for a Final Approval Hearing, in accordance with the Court's Order Granting Preliminary Approval; and,

WHEREAS, the Court has read and considered the Settlement Agreement and all exhibits thereto; the Final Approval Motion; Plaintiff's Motion for Approval of Class Counsel Fees, Expenses and Plaintiff Incentive Award; Defendant Wyeth's Separate Submission in Support of Final Approval of Class Settlement *doc. no. 425*; the record in this case; and, the submissions and arguments presented at the August 14, 2020, Final Approval Hearing:

Now, therefore for the reasons provided by the Court at the hearing and for the reasons provided herein, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over this matter and has determined that it has jurisdiction over all parties to the action, including all members of the Settlement Class who have not timely and validly requested exclusion.

2. Because this Settlement meets the standards for final approval, the Court finally approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

3. The Court finally certifies and approves the Settlement Class, which includes:

> All California consumers who purchased Wyeth's Hormone Replacement Therapy products, Premarin, Prempro, and/or Premphase, for personal consumption between January 1995 and January 2003, and who do not seek personal injury damages resulting therefrom.

*See Doc. No.* 295, Order of October 7, 2015, at 20.

4. The Settlement Class excludes:

> Excluded from the Settlement Class are (a) Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents or employees; the judicial officers assigned to this Litigation; and members of their staffs and immediate families; (b) any private or governmental third-party payor or any governmental or corporate purchaser; (c) any individual who received compensation from the Defendants for a personal injury claim relating to their use of Premarin, Prempro, and/or Premphase or, who is claiming or claimed to have suffered a personal injury as a result of taking Premarin, Prempro, and/or Premphase; and, (d) any person who properly executes and submits a timely written request for exclusion.

*See Doc. No.* 400-3 (Exhibit 1 to Decl. of D. Byrne, at §1.30 and §5.5).

5. All persons who satisfy the Settlement Class definition above, except those Settlement Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Final Order and Judgement.

6. The Parties have complied in all material respects with the Notice Plan and Notice Procedures set forth in the Agreement and approved by the Court in its Preliminary Approval Order. The Court finds and determines that dissemination and publication of the Notices as set forth in the Notice Plan constituted the best notice practicable under the circumstances, constituted due

and sufficient notice of the Settlement and the matters set forth in the Notices to all persons entitled to receive Notice, and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23. Defendants further caused to be served on the United States Attorney General and all State Attorneys General notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

7. The Court has determined that Settlement Class Members have been given a full and fair opportunity to exclude themselves from the Settlement, to object to the terms of the Settlement, to object to any award of Attorneys' Fees and Expenses to Class Counsel, to object to any Incentive Award to Plaintiff, or to otherwise be heard at the Final Approval Hearing.

8. The Court is aware of one (1) Settlement Class Member (Karen J. Koch), who has submitted a timely, written exclusion request to the Claim Administrator, *doc. no. 417*. The Court hereby accepts the exclusion request of Karen J. Koch, and further finds that she is not bound by this Final Order and Judgement.

9. The Court is aware of one individual presented a letter to the Court that this Court will construe as an objection. The letter was received from Kent Pearce on behalf of his wife, June Bailey, who has significant health issues. Mr. Pearce was not present at the hearing. The objection focused only upon the amount of the requested attorneys fee and incentive award. Having considered the objection and argument from Class Counsel, the Court overrules the objection. Mr. Pearce has neither established he has standing to represent his spouse nor that he is otherwise making a general appearance. In addition, to the extent June Bailey suffered damages from the use of Defendants' products, individuals suffering from injuries resulting form said use do not fall within the definition of the Class as certified by this Court. For the reasons stated

herein and, on the record, the Court finds the fee award and the incentive award are fair and reasonable. The objection is overruled.

10. The Court has considered the submissions of the Parties and the arguments of their counsel at the Final Approval Hearing and finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore finally approves the Settlement for all the reasons set forth in the Plaintiff's Unopposed Motion for Final Approval.

11. The Court reaffirms and appoints Plaintiff April Krueger as the Settlement Class Representative and Rushall & McGeever, APLC; Gary Holt & Associates, P.A.; and Beasley Allen Crow Methvin Portis & Miles, P.C as Settlement Class Counsel in this matter.

12. In return for the monetary consideration set forth in the Settlement Agreement, Plaintiff and the Settlement Class hereby fully release and discharge Defendants from any and all economic damage claims of any type that the Representative Plaintiff or any Settlement Class Member, whether directly, representatively, derivatively, or in any other capacity, ever had, now has or may have against any of the Released Persons arising out of or related in any way to her purchase of Premarin, Prempro and/or Premphase in the State of California during the class period, including but not limited to the claims asserted in the Litigation. This Class and the Released Claims do not include any claims for personal injury or death, or claims derivative of such claims, or as to physicians, medical facilities, and pharmacies …. or for any claims other than for the recovery of the value of Premarin, Prempro and/or Premphase. This Settlement does not revive any claims not included in Released Claims.

13. The claims asserted in this action, and the released claims (as defined above) are hereby dismissed with prejudice as to all Defendants.

14. Without affecting the finality of this Order and Judgment, the Court hereby retains and reserves jurisdiction to resolve any dispute that may arise regarding

the Settlement, the Settlement Agreement, or the validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement and/or Settlement Agreement.

15. The Parties and Claims Administrator are directed to comply with and consummate all aspects of the Settlement Agreement.

16. The Court hereby reaffirms the appointment of Rust Consulting, Inc., as Claims Administrator, to administer and oversee, among other things, the processing, handling, reviewing, auditing, and approval of claims made by Claimants; communicating with Claimants; managing the Class Settlement website; and distributing payments to Authorized Claimants whose Claim Forms have been accepted and validated and making payments to vendors for administrative expenses.

17. In order to participate in the Settlement and receive a cash payment from the Settlement Fund, members of the Settlement Class must properly complete a Claim Form (online or in paper format) and submit it to the Claims Administrator.  To be effective, any such Claim Form must be postmarked or filed on the Settlement Website no later than September 1, 2020, and must otherwise comply with the procedures and instructions set forth in the Claim Form previously approved by the Court.

18. The Court hereby awards Class Counsel attorneys' fees of 25% of the Class Common Fund and expenses in the amount of $905,218.59, together with any interest earned on such amounts from the date this Order is entered until such amounts are paid.

19. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:
    a. the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method and it is consistent with the benchmark for

attorneys' fees awarded in the Ninth Circuit. *E.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011);

b. Class Counsel has zealously prosecuted this action for over 16 years and achieved the Settlement through perseverance, skill, and diligent advocacy;

c. Class Counsel has expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

d. Class Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

e. the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

f. had Class Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants; and

g. a substantial portion of the fee awarded herein will be used by Class Counsel to satisfy the claim of the Plaintiffs' Steering Committee ("PSC") in the *In re: Prempro Products Liability Litigation (*MDL No. 1507) to a 5% (or, $10,000,000) assessment of the gross recovery in this Settlement as compensation for the work the PSC law firms performed for the common benefit of plaintiffs in the HRT MDL litigation;

h. Class Counsels' fee is also supported by a discretionary Lodestar cross-check demonstrating an acceptable multiplier when measured solely by Class Counsels' billable time in this action thus far (14,096.55 hours) and the hourly rates permitted in the Southern District of California for attorneys, paralegals, and law clerks;

i. When Class Counsel's billable hours in this action are combined with even a small portion of the hours expended by the MDL PSC to prepare certain portions of the general liability proof in this case (applicable to all federal HRT cases), the resulting Lodestar cross-check easily produces a negative multiplier; and,

j. the reimbursement of Class Counsel case expenses in the amount of $906,218.64, is fair and reasonable and warrants the Court's approval.

20. The awarded Class Counsel fees and expenses shall be paid to Class Counsel from the Class Common Fund within thirty (30) days of the entry of this Order by the Court.

21. Plaintiff April Krueger is hereby awarded $30,000 as an incentive award for the time and effort she has expended on behalf of the Settlement Class since the inception of this case in December 2003.

22. If the aggregate amount of paid claims to Settlement Class Members, plus the Plaintiff incentive award allowed by the Court, plus the Class Counsel fees and expenses awarded by the Court, plus the notice and administration costs, is less than the Settlement Amount (plus interest) remaining in the Common Fund, the Court will then determine and direct how the remainder of the funds should be distributed so as to benefit and promote the ongoing health, safety and welfare of Settlement Class Members and California women similarly situated. At this time, the Court is inclined to distribute any excess or residual funds to major California medical centers and targeted research groups specializing in the detection, treatment, prevention, and cure of breast cancer, women's cardiac issues, Alzheimer's, and early-onset dementia; with additional emphasis on the care and treatment of such diseases for marginalized and diverse women in California communities that historically lack such care and treatment. Consistent with these goals and objectives, the Court grants Plaintiff 60 days from the entry of this Order to solicit and gather proposals for

the distribution of any residual Settlement funds and present them to the Court in a further filing with appropriate declarations from the proposed entities and organizations.

21. There is no just reason for delay in the entry of this Final Order and Judgement, and the Clerk is directed to enter and docket this Final Order and Judgement in the action. The Court shall retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Final Order and Judgment.

**IT IS SO ORDERED.**

DATED: September 1, 2020

_____
Hon. John A. Houston
United States District Judge